**In re C.H. STUART, INC., Debtor.**

**Bankruptcy No. 81–20331.**

United States Bankruptcy Court,
W.D. New York.

March 30, 1983.

Burns, Suter & Doyle by C. Bruce Lawrence, Rochester, N.Y., for State of Wisconsin.

Franklin T. Russell, Newark, N.Y., for debtor.

MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This case presents the interesting question of the relative significance of a proof of claim duly filed by a creditor and the so-called "claims docket" required to be kept by this Court pursuant to Bankruptcy Rule 504 when, through error in the Office of the Clerk of this Court, the two documents are in conflict.

It is agreed by the parties that the debtor, C.H. Stuart Inc., was indebted to the State of Wisconsin in the amount of $43,192.64 for taxes entitled to priority of distribution as of March 6, 1981, the date that the debtor filed its Chapter 11 petition. It is also agreed that the State duly and timely filed with this Court a proof of claim in that amount. The Clerk of this Court has, by affidavit, acknowledged that an error occurred in his office by which the total amount of the claim was overlooked in entering the claim on the claims list, or "docket", required by that part of Rule 504(a) which states, "shall keep a list of claims filed against the estate in each case in which it appears there will be a distribution to unsecured creditors after payment of the costs and expenses of administration." The

error was substantial, in that the dollar amount reflected on the claims docket was only $632.57, which is the amount of monthly interest accruing on the total tax claim. The Clerk observed in his affidavit that the likely cause of the error was the fact that this $632.57 amount of monthly interest was graphically set apart on the State proof of claim form in a fashion that placed this $632.57 amount in the same location as the "Total Amount Claimed" block on an official proof of claim. Nevertheless, the State's proof of claim "substantially conformed" to the official form and that it was entitled to allowance, is not contested here.

This case has progressed in a relatively successful fashion. The debtor was the manufacturer of the Sarah Coventry brand of jewelry, and was acquired pursuant to a confirmed plan of reorganization by a new corporation, Sarah Coventry, Inc. This company has been distributing and continues to distribute monies to the debtor's creditors under the plan. Priority tax claims such as that of the State of Wisconsin will ultimately be paid in full under the plan. In fact, general unsecured creditors will receive nearly half of the amounts owing to them.

The debtor asserts that the State is entitled to full payment only in the amount of $632.57, while the State asserts that it is entitled to the full $43,192.64. This Court agrees with the State of Wisconsin.

In reaching this conclusion, the Court sought in vain to find any caselaw on point, and to find any commentary on Rule 504 that would assist the Court in enunciating the role and purpose of the requirement of a claims docket. Writing on what appears to be a clean slate, then, this Court rules that the list of claims required by the Rule has no operative effect on disputes such as this.

Section 704(4) of the Bankruptcy Code enunciates a duty, applicable to debtor-in-possession by virtue of 11 U.S.C. §§ 1106(a)(1) and 1107(a) of the Code, to "if a purpose would be served, examine *proofs* *of claims* and object to the allowance of any claim that is improper." *  Section 502(a) of the Code states, in pertinent part, "a claim or interest, *proof of which is filed* under section 501 of this title, is deemed allowed, unless a party in interest ... objects." *  Neither of these provisions refers to the claims docket required to be kept by Rule 504. On the contrary, these sections, their legislative history, and all learned commentary on the subject of the duties of the representation of the estate, clearly direct the trustee or debtor-in-possession to the actual proofs of claims themselves. The Court has found no support in any source for the proposition that the existence of a claims docket relieves the trustee or debtor-in-possession of this duty. The Court concludes that the purposes of the claims docket are: (1) to provide a summary of claims against the estate for public informational purposes (see Rule 508); (2) to assist the Court and its officers and personnel in the handling of, and in minimizing the risk of loss of, the truly critical documents—the proofs of claims themselves; and (3) to guard against efforts to perpetrate a fraud on the Court through false assertions that a claim was filed when it in fact was not. Support for this conclusion arises from the fact that Rule 504 does not specify the items of information to be listed; nor is there any Official Form of such list. In fact, the only reason amounts of claims are recorded on the claims docket at all is because the illustrative form (BK 75) provided to the Court by the Administrative Office of the United States Courts contains a column for entry of the amount claimed. This Court can find nothing that would even suggest that the amount recorded in this column has any legal significance that would outweigh the effect of a duly-filed Proof of Claim. However, the Clerk must make every reasonable effort to assure the accuracy of the claims docket. But parties in interest must view the claims docket as advisory only, and may not blame their own failure to observe the statutory command to examine the proofs of claims, on any failure of the Clerk or his office.

* Emphasis Added.

The debtor also asserted that the State of Wisconsin waited too long in bringing this error to the Court's attention. However, the parties agree that shortly after the first check was sent to the State of Wisconsin, they questioned the amount of payment and only after negotiations failed to resolve the problem did the State of Wisconsin bring the present action.

Therefore, it is hereby ordered that the State of Wisconsin's claim is allowed as a priority claim in the amount of $43,192.64.